Day, J.
The questions presented by this record arise upon demurrer to the petition in the court of common pleas.
It is claimed that the plaintiffs are not entitled to recover, upon the case made in the petition, for three reasons.
*1. “That the alleged breach of the bond is based on the misconduct of the sheriff in relation to money collected by him by virtue of an order of attachment and other proceedings in an-action brought on a claim before it was due; which action and proceedings were not authorized by any law at the time the bond was given.”
2. That the action is barred by the statute of limitations.
3. That the breach of the bond did not occur within the term of' the sheriff’s office.
*76 As to the first proposition on the part of the plaintiffs, it is con- - coded, that an addition to the duties of the officer bylaw, after the execution of his official bond, materially enlarging his liabilities, will impose no additional responsibility upon his sureties,-and that they will not be held for any breach of the bond arising only under such new duties, unless the words of the bond or the law in force .at its date, by a fair and reasonable construction, bring such subsequently imposed duties within its provisions.
On the other hand, the defendants do not dispute their liability • on the bond if, by its terms, or by the law in force at its date, such -enlarged duties of the sheriff are embraced in it.
The bond in controversy was given under the statute of 1824 (Swan’s Stat., ed. 1841, page 856). The first section requires sheriffs to give bond with sureties, “conditioned for the faithful discharge of their respective duties.” This is the general language •of the act; and it is broad enough to embrace any duty that may exist at the date of the bond, or that may be imposed upon the
■ officer by law, during the term for which it was given.
It can not be doubted but that it was the policy of the statute to secure the faithful discharge of the duties ordinarily imposed upon this officer, without reference to the time when the law was passed imposing the duty. This is clearly shown, as to all duties .appertaining to judicial remedies, by the second section of the act under which this bond was given. By this section, prescribing, in .general terms, the duties of a sheriff, it is made his duty to “ execute all warrants, writs, and other process to him directed by the
proper *and lawful authority.” In imposing this general ■duty upon a sheriff, so far from limiting it to process then authorized by law, there can be no doubt but that the purpose was to impose upon him the duty of executing any process that might be ■ directed to him by “ lawful authority ” for the time being. Under this general statute, it was the duty of a sheriff to execute all process that the legislature might subsequently authorize to be directed to .him, without further expressly requiring him to serve it; and a sheriff would undoubtedly have been liable under his bond for refusing or neglecting to make proper service of such process because it would be a breach of the duty imposed upon him by this section.
These two sections being construed together, it is manifest that '.the duties, the performance of which is required by the first section *77 to be secured by bond, are as comprehensive as the duties imposed-, by the second. As we have seen, the language of the first section-is comprehensive enough to bear the construction that comports-with sound policy; and, in the light of the second, clearly means-that the condition of the bond shall embrace the.duties imposed upon the sheriff for the time being, when they consist in the execution of process directed to him by lawful authority.
The language of the bond is, to say the least, as full and ample • as that of the statute; and having been executed in compliance • therewith, must be held to embrace its full meaning, there being • nothing in the bond to indicate a different intention of the parties.
Under this view of the case, it is immaterial whether the statute-authorizing the issuing of orders of attachment on claims not due-enlarges the responsibilities of a sheriff or not, since the parties • have contracted to be bound if the attachment be “ process to him directed by the proper and lawful authority.”
The legal remedies by attachment were substantially the same - when the bond was given that they are under the code passed subsequently ; except that, in certain cases, the process of attachment may issue, under the code, on a claim before it is due.
This, however, is no new or additional process, but is only *an earlier and more efficient remedy, in a limited class of cases, granted by the use of process as old as the statute under-which this bond was given.
This case well illustrates the policy of the statute, the construction we have given to it, and the bond executed under it. It never could have been intended that a new bond should be required with every modification of practice, or existing process, that may chance to enlarge the legal remedies of parties; and it is equally clear-that the object of the statute and purpose of the bond were to secure, on the part of the officer, a faithful discharge of his official duties, “in all things;” and to secure that “ during his continuance-in office, by virtue of his said election,” as stated in the bond.
Nor does this view conflict with'the authorities, showing that the-sureties in an official bond would not be bound if the term of office be extended, or if new duties be imposed upon the officer, not contemplated by the act under which the bond was given: it is not, therefore, necessary to make here a further reference to them.. The cases of White v. Fox, 9 Shepley (Maine), 341, and Bartlett v. *78 'The Governor, 2 Bibb, 586, are in point, and sustain our view of ■this point in the case.
It is claimed in argument, by counsel for the defendants, that the .action is barred by the statutory limitation of six years; that of four years, stated in the demurrer, not now being insisted upon.
This claim can not be sustained for two reasons:
1. The petition does not show any default or neglect on the part ■of the sheriff, as to the plaintiffs, until May 19,1855, a period within six years before the commencement of this action. At that time judgment was rendered in favor of the plaintiffs, to whom the •sheriff was ordered to pay a specific sum, which was then demanded •of him by the plaintiffs. The plaintiffs were not entitled to the money until this time; and then, on failure of the sheriff to comply with their demand, their action accrued against him. The State v. Bewman’s Ex’r, 2 Ohio St. 567.
2. This is an action on the official bond of a sheriff; and although that was given before the passage of the code, the ^breach •occurred, and the cause of action based thereon accrued, since the •code took effect (July 1, 1853), and the action is controlled by its provisions.
The decisions cited by defendants’ counsel, rendered heretofore in construction of the act of limitations, passed in 1831, are not conclusive in this case, as the code materially changes the provisions of that act. It is not provided in the code, as was done in the act of 1831, that actions against officers for malfeasance or nonfeasance in office shall be limited to one year; nor was an express limitation of actions on official bonds provided for in the act of 1831, as is done by the code. The code does not, in express terms (as did the act of 1831), limit actions against officers for misconduct, although such actions are, doubtless, limited by it; and ■the reasons are strong, as urged by counsel for the plaintiffs, for holding that, under another section, they are limited to the same period as actions on official bonds.
j But, however that may be, the language of the seventeenth section of the code, expressly limiting actions on official bonds to ten years, leaves no room to doubt that the legislature intended such actions should be subject to that limitátion, and no other; for to hold that they are constructively limited to a different period, would annul that section, and give it no effect whatever.
The third objection to a recovery by the plaintiffs is, that the *79 petition shows that the sheriff entered upon the duties of his office November 1,1852, and continued in the office during the term of two years therefrom; that by the terms of his bond, he was required to discharge the duties of his office only “ during the continuance in the office;” and that no breach of the bond occurred until after the expiration of said term of two years: therefore, it is claimed that no recovery can be had on the bond. This is claiming a very strict construction of that instrument. Recognizing this to be the right •of the surety, how does the case stand ?
By the terms of the bond, the parties obligated themselves that the sheriff should “well and faithfully, in all things, discharge X'-the duties of his said office of sheriff of said county of Belmont, during his continuance in the office.”
While he remained in the office, money came to his hands as •such sheriff, which was made in the execution of legal process in favor of the plaintiffs. Having received the money during his term of office, the duty devolved on him to account for and pay it •over to the proper party.
This, then, was one of the “duties” that was cast uponhimbylaw “during his continuance in the office,” and which tne bond therefore required him “ well and faithfully to discharge.” The obligation of payment accrued within the term of his office, and his liability was then none the less fixed and certain, though the money might not be due in point of time, o.r demanded, until after his term expired. The expiration of his office did not relieve him from the responsibilities and obligations incurred during its continuance.
It follows that, upon a strict construction of the bond, the defendants must be held liable thereon.
The contrary construction claimed would leave parties without -any security for all moneys that may remain in the hands of a sheriff at the end of his term, or if, with a large sum in his hands, he should at any time resign his office. This would, to say the least, be against the spirit, if not the letter, of the eighth section of the statute under which the bond was given, requiring a strict accountability at the termination of his office.
The view we have taken of this point of the case is supported by the following cases, cited by counsel for the plaintiff: Peabody & Potter v. Ohio, 4 Ohio St. 387; Freeholders v. Wilson, 1 Harrison N. J. 110; and Governor v. Monfort, 1 Iredell, 155.
The court of common pleas erred in sustaining the demurrer to *80 the petition, and the judgment of that court rendered thereupon must therefore be reversed.
Brinkerhoee, C. J.,and Scott,White, and Welch, JJ., concurred.